## THE EQUITABLE LOAN AND INVESTMENT ASSOCIATION
### v. PEED ET AL.

[No. 18,536.    Filed October 6, 1899.]

From the Madison Circuit Court.    *Reversed.*

*E. S. Griffin, R. F. Broadbent* and *W. H. Beaver,* for appellant.

*O. A. Armfield* and *Perry Behymer,* for appellees.

BAKER, J.—On October 18, 1897, appellees filed their complaint in five paragraphs. Demurrer to each paragraph overruled. Appellant answered in two paragraphs, of which the first was a general denial. Demurrer to second paragraph sustained. Judgment on appellant's refusal to plead further.

The first paragraph of complaint, to quiet title; the second, to recover the statutory penalty for failure to release a mortgage that has been fully paid; the third, to secure the cancelation of a mortgage that has been fully paid; and the fourth, to have the mortgage canceled because appellee Olivia is a married woman and executed the note and mortgage as surety of her husband and co-appellee, are severally good.

In the fifth paragraph of complaint, it appears that appellant is a foreign building and loan corporation; that appellee Olivia, as a member thereof, procured a loan from appellant on April 15, 1892; that in the bond she agreed to pay stock dues, interest and premium; that appellant has not complied with the foreign building and loan associations act of 1893. The paragraph is silent as to whether or not appellant and its local agent in Madison county had complied with the foreign corporations act of 1852. The answer sets forth the charter and by-laws of appellant, appellee Olivia's stock certificate, bond and mortgage, and shows that the conditions of the bond and mortgage have not been fully performed. The answer is silent in reference to compliance with the act of 1893, but avers compliance, in November, 1892, with the act of 1852.

On the authority of *Security Savings and Loan Association* v. *Elbert, ante,* 198, the judgment is reversed, with instructions to sustain the demurrer to the fifth paragraph of complaint, and to overrule the demurrer to the second paragraph of answer.