United States Saving, etc., Co. v. First Methodist, etc., Church.

he executed the note and mortgage sued upon, payable according to the charter and by-laws of said association. It will be observed that the note and mortgage sued upon were executed before said act of 1893 took effect. It follows that this case is ruled by *Security, etc., Association* v. *Elbert, ante,* 198.

Upon the authority of that case the judgment is reversed, with instructions to sustain the demurrer to the answer in abatement, and for further proceedings not in conflict with this opinion.

---

# THE UNITED STATES SAVING AND LOAN COMPANY v. THE FIRST METHODIST PROTESTANT CHURCH OF MARION.

[No. 18,747.    Filed December 21, 1899.]

From the Grant Superior Court.    *Reversed.*

*A. M. Wagner, J. Bingham* and *J. Long,* for appellant.
*W. H. Carroll* and *G. D. Dean,* for appellee.

MONKS, J.—The question presented in this case is whether or not a foreign building and loan association can enforce a note and mortgage executed before the taking effect of the act of 1893 (Acts 1893, p. 274, §§ 4464, 4483, Burns 1894, §§ 3420v, 3420oo, Horner 1897), without first complying with the requirements of said act. It was held in *Security, etc., Association* v. *Elbert, ante,* 198; *Equitable, etc., Association* v. *Peed, ante,* 697, and *National, etc., Association* v. *Black, ante,* 701, that said act did not apply to contracts entered into before said act took effect.

Upon the authority of the cases mentioned the judgment is reversed, with directions to sustain appellants motion for a new trial, and for further proceedings not in conflict with this opinion.