### STERLING REMEDY COMPANY *v.* WYCKOFF, SEAMANS & BENEDICT.

[No. 18,763. Filed April 5, 1900.]

MONOPOLIES.—*Anti-Trust Law.—Corporations.*—The anti-trust law of 1897 is prospective and does not apply to contracts entered into before the law took effect.

From the Fountain Circuit Court. *Affirmed.*

*E. F. McCabe*, for appellant.

*C. R. Milford*, for appellee.

MONKS, J.—This action was brought in 1898 by appellee,

a foreign corporation, against appellant to recover the value of a typewriting machine sold by appellee to appellant in May, 1895. Appellant filed an answer in abatement, alleging that prior to the commencement of this action appellee had entered in an agreement, contract, and combination with other manufacturers of typewriting machines, in violation of the anti-trust act of 1897, which took effect April 14, 1897 (Acts 1897, p. 160). Appellee's demurrer for want of facts to said answer in abatement was sustained, and final judgment rendered in favor of appellee. The only question is: Did the court err in sustaining said demurrer to the answer in abatement?

It is claimed by appellant that appellee having before the commencement of this action entered into the alleged combination, in violation of said act of 1897, that the commencement of this action thereafter was "doing business in this State," within the meaning of said act, and that, therefore, section two of said act denied appellant the right to bring and prohibited it from prosecuting this action.

The contract sued upon was entered into and performed by appellee, and the amount thereof was due and payable by appellant, nearly two years before the anti-trust law of 1897 took effect. Said law was prospective, and not retrospective; it was not intended to, and did not, affect contracts previously made, nor their enforcement, and has no application whatever to such contracts. *Security, etc., Assn.* v. *Elbert,* 153 Ind. 198; *Equitable, etc., Assn.* v. *Peed,* 153 Ind. 697; *National, etc., Assn.* v. *Black,* 153 Ind. 701; *United States, etc., Co.* v. *First Methodist Church,* 153 Ind. 702. As said act has no application to the contract of sale sued upon, it is not necessary to determine whether or not the commencement of an action on a contract entered into after the alleged combination of appellee and other manufacturers would be "doing business in this State" within the meaning of said act. It follows that the court did not err in sustaining the demurrer to the answer in abatement. Judgment affirmed.